## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JAIME SARMIENTO ESPINOSA,

       Plaintiff,

v.                                    No. CIV 09-0934 JB/LAM

SANTA FE DETENTION CENTER,
SANTA FE NEW MEXICO, and
JOHN DENKO,

       Defendants.

### <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on a *sua sponte* motion to dismiss the Plaintiff's Prisoner's Civil Rights Complaint, filed September 24, 2009 (Doc. 1)(hereinafter "Complaint") pursuant to 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff Jaime Sarmiento Espinosa is incarcerated and appears *pro se*. He submitted a Financial Affidavit of Jaime Sarmeito [sic] Espinosa (Doc. 2), which the Court construes as a motion for leave to proceed *in forma pauperis* ("IFP"). The filing fee for this civil rights complaint is $350.00. Espinosa is required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information about Espinosa's financial status, the Court finds that he is unable to pay an initial partial payment pursuant to § 1915(b)(1). The Court will grant the IFP, and for the reasons below, will dismiss Espinosa's Complaint.

The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under

rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting McKinney v. Oklahoma, Dep't of Human Services, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing Espinosa's *pro se* Complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts but liberally construes the allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

This Complaint is the second complaint that Espinosa has filed alleging that, when he was arrested and taken to a detention center in 2001, his personal property was taken from him, inventoried, and never returned. See Espinosa v. Santa Fe Detention Center, No. CV 09-0393 JH/CEG; Green v. Nottingham, 90 F.3d 415, 418 (10th Cir. 1996) (explaining that courts may take judicial notice of prior litigation if it has "a direct relation to matters at issue") (citation omitted). According to documents attached to both complaints, when Espinosa was transferred to federal custody in 2002, no accompanying property was listed. The Honorable Judith C. Herrera, United States District Judge, dismissed Espinosa's complaint in cause No. CV 09-0393 JH/CEG for failure to state a claim under 42 U.S.C. § 1983. See Memorandum Opinion and Order in No. CV 09-0393 JH/CEG (Doc. 8). Judge Herrera's dismissal relied on the Supreme Court of the United States' holdings in Parratt v. Taylor, 451 U.S. 527 (1981), and Hudson v. Palmer, 468 U.S. 517 (1984), which addressed the elements necessary to sustain a constitutional claim that the state has deprived an inmate of property without due process, and held that, where a pre-deprivation hearing was impossible or impractical because the state could not control the

random actions of state employees in losing or destroying property, the deprivation was not complete until the state failed or refused to provide an adequate post-deprivation remedy.  See Parratt v. Taylor, 451 U.S. at 538-39; Hudson v. Palmer, 468 U.S. at 534.  Judge Herrera found that, because state tort remedies were available to redress Espinosa's alleged deprivation of property, see Hudson v. Palmer, 468 U.S. at 534, his due process rights were not violated, even if the confiscation was intentional.  See Memorandum Opinion and Order, No. CV 09-0393 JH/CEG, at 2.

In the Complaint now before the Court, Espinosa names a new individual and the same detention center as Defendants.  Compare Complaint at 1 (naming John Denko, Cabinet Secretary of State of New Mexico Department of Public Safety, as a defendant) with Prisoner's Civil Rights Complaint at 2, No. CV 09-393 JH/CEG, filed March 23, 2009 (Doc. 1)(naming John Wheeler, Chief General Counsel of the New Mexico Department of Public Safety, as a defendant).  In lieu of return of the property, Espinosa asks that Defendants transfer $25,000 plus interest to his current prison account.  See Complaint at 2.

Espinosa's Complaint raises the same claims against the Santa Fe Detention Center that he has previously asserted and, therefore, is barred by the doctrine of *res judicata*.  The doctrine of *res judicata*, or claim preclusion, "bars a second suit involving the same parties or their privies based on the same cause of action."  Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n.5 (1979).

> Res judicata requires the satisfaction of four elements: (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit.

<u>Nwosun v. General Mills Restaurants, Inc.</u>, 124 F.3d 1255, 1257 (10th Cir. 1997).  If these requirements are met, *res judicata* bars the claim unless the party seeking to avoid preclusion did not have a full and fair opportunity to litigate in the first action.  <u>See</u> <u>Yapp v. Excel Corp.</u>, 186 F.3d 1222, 1226 n.4 (10th Cir. 1999).  *Res judicata* also bars claims that could have been raised in the prior proceeding.  <u>See</u> <u>id.</u>

According to the Supreme Court of the United States, preclusion may be raised *sua sponte* in special circumstances:

> If a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste.

<u>Arizona v. California</u>, 530 U.S. 392, 412 (2000)(quoting <u>United States v. Sioux Nation</u>, 448 U.S. 371, 432 (1980) (Rehnquist, J., dissenting)); <u>see</u> <u>Garcia v. Hoover</u>, 223 Fed. Appx. 785, 788 (10th Cir. 2007)(affirming the district court's *sua sponte* dismissal of *pro se* plaintiff's complaint on the ground of *res judicata*).

 The related doctrine of collateral estoppel bars a party from relitigating an issue once the party has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim.  <u>Park Lake Res. Ltd. Liab. Co. v. USDA</u>, 378 F.3d 1132, 1136 (10th Cir. 2004).

> Collateral estoppel will bar a claim if four elements are met: (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

Frandsen v. Westinghouse Corp., 46 F.3d 975, 978 (10th Cir. 1995).  Defensive non-mutual collateral estoppel occurs when a defendant seeks to prevent a plaintiff from asserting a claim the plaintiff has previously litigated and lost against another defendant.  See Parklane Hosiery Co. v. Shore, 439 U.S. at 326 n. 4.  Espinosa's Complaint raises the identical claims against Denko and the Santa Fe Detention Center as he previously asserted against Wheeler and the Santa Fe Detention Center.  Though Denko and Wheeler are in two different positions within the New Mexico Department of Public Safety and may have differing interests,[1] because Espinosa previously litigated and lost his claim against Wheeler, and now asserts the identical claim against Denko, Denko may properly assert defensive non-mutual collateral estoppel against Espinosa's identical claim against him.  There is no allegation that Denko's and Wheeler's role in the case are any different, and thus while their positions are different, the case against them appears to be identical.

Because Espinosa's previous complaint in No. CV 09-393 JH/CEG raised or could have raised all of the claims he now presents against an identical party, and the previous suit ended with a judgment on the merits after Espinosa had a full and fair opportunity to litigate his claims, *res judicata* bars his Complaint as to the Santa Fe Detention Center.  Further, because Espinosa's previous complaint in No. CV 09-393 JH/CEG decided the identical issue raised in this Complaint, was finally adjudicated on the merits, and Espinosa had a full and fair opportunity to

---

[1] "Privity requires, at a minimum, a substantial identity between the issues in controversy and showing the parties in the two actions are really and substantially in interest the same."  Lowell Staats Min. Co. v. Philadelphia Elec. Co., 878 F.2d 1271, 1275 (10th Cir. 1989).  Denko and Wheeler, as Cabinet Secretary and Chief Legal Counsel of the New Mexico Department of Public Safety, respectively, may not be in privity, as it is not clear to the Court that their interests as individually named defendants are substantially the same, and thus *res judicata* does not block Espinosa's claim against Denko.

-5-

litigate the issue on appeal if he had so chosen, collateral estoppel bars his Complaint as to

Denko.  The Court, therefore, will dismiss Espinosa's Complaint.

**IT IS ORDERED** that (I) the Plaintiff's Financial Affidavit of Jaime Sarmeito [sic]

Espinosa, construed herein as a motion for leave to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915, is granted; and the initial partial payment is waived; and (ii) the Plaintiff's

Prisoner's Civil Rights Complaint is dismissed with prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Jaime Sarmiento Espinosa
Federal Correctional Institute -- Three Rivers
Three Rivers, Texas

    *Plaintiff pro se*